IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRA HAUTE DIVISION

| | | |
|---|---|---|
| LISA MONTGOMERY, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:21-cv-00020-JHP-DLP |
| | ) | DEATH PENALTY CASE |
| v. | ) | |
| | ) | SCHEDULED FOR EXECUTION |
| WARDEN, et al., | ) | **January 12, 2021** |
| | ) | |
| Respondent. | ) | |

## MOTION TO STAY EXECUTION PENDING FINAL DISPOSITION OF HER PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2241

Mrs. Montgomery, by counsel, moves this Court for a stay of execution pending final disposition of her Petition for Writ of Habeas Corpus. In support of her motion Mrs. Montgomery as follows:

Mrs. Montgomery filed her petition for writ of habeas corpus on January 8, 2021, Dkt. 1, and filed her corrected petition, Dkt. 11, on January 9, 2021. The relevant procedural history in this case is set forth in the corrected petition. Mrs. Montgomery relies on the facts and law as set out in her corrected petition.

The standard for granting a stay of execution is well-established. *Nken v. Holder*, 576 U.S. 418 (2009). The factors are: (1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434; *accord Purkey v. United States*, 964 F.3d 603, 618 (7th Cir.), *cert denied* 141 S.Ct. 196 (2020). "The last two factors merge when the government is the opposing party." *Guedes v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 920 F.3d 1, 10 (D.C. Cir. 2019) (internal quotation marks and citation omitted). "The burden to show 'likely' success is lightest when the prospect of irreparable injury is greatest, and vice versa." *Smith v. Barr*, 2020 WL 7239527, at *6 (S.D. Ind. Dec. 8, 2020) (citing *Mays v. Dart*, 974 F.3d 810, 822 (7th Cir. 2020)). In death penalty cases, staying an execution date to "permit the orderly conclusion of [court] proceedings" and allow the Court "the same time for consideration and deliberation that [it] would give any case" has

been found to be in the public interest with no substantial injury to the government. *Purkey*, 964 F.3d at 618; *see also Hall v. Watson*, 2020 WL 6785383, at *9 (S.D. Ind. Nov. 17, 2020) (noting that there is "no doubt" that a petitioner facing death faces irreparable harm under the *Nken* factors).

Mrs. Montgomery easily satisfies this standard. First, Mrs. Montgomery is likely to succeed on the merits of her Eighth and Fifth Amendment claims. The Eighth Amendment prohibits the execution of persons who, due to mental illness, do not understand the basis for their executions. *Ford,* at 409-10  "The critical question is whether a 'prisoner's mental state is so distorted by a mental illness' that [s]he lacks a 'rational understanding' of  'the State's rationale for [her] execution.'  Or similarly put, the issue is whether a 'prisoner's concept of reality' is 'so impair[ed]' that [s]he cannot grasp the execution's 'meaning and purpose' or the 'link between [her] crime and its punishment.'" *Madison*, 139 S.Ct at 723 (cites to *Panetti* omitted). "A prisoner's awareness of the State's rationale for an execution is not the same as a rational understanding of it." *Panetti* at 959.   The well-supported allegations as stated in the corrected petition establish that Mrs. Montgomery is currently incompetent to be executed and accordingly she is likely to succeed on the merits of her claim.

The corrected petition also establishes that Mrs. Montgomery is likely to succeed on the merits of her Fifth Amendment Claim. The Supreme Court insists

> upon *unfettered presentation of relevant information*, before the final fact antecedent to execution has been found....[C]onsistent with the heightened concern for fairness and accuracy that has characterized our review of the process requisite to the taking of a human life, we believe that *any procedure that precludes the prisoner or his counsel from presenting material relevant to his sanity or bars consideration of that material by the factfinder is necessarily inadequate*.

*Ford*, 477 U.S. at 414 (plurality decision) (citation omitted) (emphasis added). The right to counsel and to experts to assist in gathering and presenting material relevant to incompetence to be executed claims is indisputable. When developing evidence about a federal constitutional violation, particularly when the evidence would at least temporarily stop a person from being executed, cannot turn on arbitrary considerations.  Unlike other federal constitutional challenges, a *Ford* claim is not cognizable until "execution is imminent," *Panetti*, 551 U.S. at 949, meaning "about to happen."[1]  When an execution

---

[1] *I.e., see* Black's Law Dictionary, Ninth Ed., 2009, Garner, B., ed., p. 450 ("imminent danger. (16c)  1.  An immediate, real threat to one's safety that justifies the use of force in self-defense.").

becomes "immediate," individuals can be at risk of deteriorations in their mental states. *Cf. Panetti*, 551 U.S. at 943. Thus, now is when mental health experts would need to conduct the most meaningful evaluations of Mrs. Montgomery.

Appointed counsel and their experts are unable to evaluate Mr. Montgomery face-to-face--without risking their lives.2  Enforcement of the Constitution cannot be suspended because of a deadly virus.3 Habeas corpus "protects the rights of the detained by affirming the duty of the Judiciary to call the jailer to account...*The Laws and Constitution* **are designed to survive, and remain in force, in extraordinary times.**" *Boumediene V. Bush*, 533 S.Ct. 723, 739-40, 743, 754, 798(2008)(emphases added).

It is axiomatic that Mrs. Montgomery will suffer irreparable injury absent a stay of execution because she will be executed while incompetent in violation of Eighth Amendment.

The government's interest is not unfairly harmed by a stay. The government has no legitimate interest in the execution of a person who is incompetent to be executed. Moreover, the government created the situation which is currently depriving Mrs. Montgomery of access to her counsel and her experts by scheduling her execution during a world-wide pandemic that has caused the death of more than 369,000 Americans and sickened 22 million more, including two of Mrs. Montgomery's counsel. The government was well aware that setting an execution under such circumstances was imprudent and would imperil the health and safety of hundreds of individuals.

The public interest supports a stay of execution to permit the orderly adjudication of Mrs. Montgomery's weighty constitutional claims. If, as she has established, Mrs. Montgomery is incompetent to be executed, the public has no interest in her execution in violation of the United States Constitution.

---

[2]Mrs. Montgomery's attorneys Harwell and Henry contracted COVID-19 precisely because they traveled to and met with Lisa Montgomery. And Dr. Woods is:

> 73 years of age and am considered at high risk of COVID-19 infection and at a much-heightened risk of complications from infection. I also have several underlying conditions in addition to my age which require me to be extra vigilant including that I am currently in treatment for prostate cancer which necessitates on-going immunosuppressant therapy. My doctor has ordered me not to travel due to my health concerns (regardless of the pandemic) for at least 4 months, depending upon potential effects of hormonal, antiandrogen, and immunotherapy.

App. F.  Dr. Porterfield also cannot travel.  App. F.

[3]On January 7, 2021, almost 4,100 people died in the United States from Covid.  NYT, 1/8/21, at 1.

For all of the reasons stated herein and those in the Corrected Petition, Dkt. 11, the equities weigh in favor of a stay.

WHEREFORE, the motion for stay of execution should be granted.

Respectfully Submitted,

/s/ Kelley J. Henry

Kelley J. Henry

Supervisory Asst. Fed. Public Defender

Office of the Federal Public Defender

Middle District of Tennessee

810 Broadway, Suite 200

Nashville, Tennessee 37203

Phone: (615) 736-5047

Fax: (615) 736-5265

Kelley_Henry@fd.org

Amy D. Harwell

Assistant Chief, Capital Habeas Unit

Office of Federal Public Defender

Middle District of Tennessee

Amy_Harwell@fd.org

Lisa G. Nouri

Missouri Bar # 32800

2526 Holmes Street

Kansas City, Missouri 64108

Phone: (816) 875-0448

Lisanouri_atty@hotmail.com

**CERTIFICATE OF SERVICE**

I, Kelley Henry, certify that a true and correct copy of the forgoing was served via email to opposing counsel Brian Casey, Alan Simpson, David Ketchmark, Jeff Valenti, Phillip Knope, and Bruce Clark, Assistant U.S. Attorneys, Western District of Missouri, 400 E. Ninth Street Room 5510 Kansas City, MO, 64106 on this day, January 9, 2021.

By: /s/ Kelley J. Henry