# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

March 8, 2021

To: Roger A. G. Sharpe
UNITED STATES DISTRICT COURT
Southern District of Indiana
104 U.S. Courthouse
Terre Haute , IN 47807

| | |
|---|---|
| No. 21-1052 | LISA MARIE MONTGOMERY,<br>Petitioner - Appellee<br><br>v.<br><br>T. J. WATSON, Warden of USP Terre Haute, IN, et al.,<br>Respondents - Appellants |
| **Originating Case Information:** | |
| District Court No: 2:21-cv-00020-JPH-DLP<br>Southern District of Indiana, Terre Haute Division<br>District Judge James P. Hanlon | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS: No record to be returned

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are

to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:** 3/8/2021

**Received by:** Laura Townsend

Deputy Clerk, U.S. District Court

form name: **c7_Mandate**(form ID: **135**)

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

January 12, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1052

LISA MARIE MONTGOMERY,
*Petitioner-Appellee*,

*v.*

T. J. WATSON, Warden, *et al.*,
*Respondents-Appellants*.

Appeal from the
United States District Court for the
Southern District of Indiana,
Terre Haute Division.

No. 2:21-cv-00020-JPH-DLP

James P. Hanlon,
*Judge*.

**O R D E R**

In December 2004 Lisa Marie Montgomery murdered Bobbie Jo Stinnett, who was then eight months pregnant, and cut the baby out of her womb, claiming the child as her own. In 2007 a federal jury in the Western District of Missouri convicted her of kidnapping resulting in death and recommended a sentence of death. The district court imposed the capital sentence. The Eighth Circuit affirmed on direct appeal, *United States v. Montgomery*, 635 F.3d 1074 (8th Cir. 2011), and her petition for postconviction relief under 28 U.S.C. § 2255 failed.

On October 16, 2020, the Department of Justice announced an execution date of December 8, 2020. Montgomery responded with several actions in the District of Columbia and elsewhere seeking to delay the execution. As a result of that litigation, on November 23, 2020, the execution was rescheduled to today at 5 p.m.

On Friday evening, January 8, Montgomery filed a habeas petition pursuant to 28 U.S.C. § 2241 in the Southern District of Indiana, where she is confined. She sought to raise a claim under *Ford v. Wainwright*, 477 U.S. 399 (1986), that because of mental illness, she lacks a rational understanding of the government's reason for executing her. For support the petition relied on declarations from three proposed experts, but none has had any recent contact or communication with Montgomery. Two of the proposed experts last examined her in 2016, and the third last saw her in 2010. She moved for a stay of execution.

Last night the district court issued a stay of execution. The government appealed and filed an emergency motion to vacate the stay. This morning we ordered a response, and Montgomery has now complied.

We vacate the stay. As the Supreme Court has repeatedly emphasized, "[l]ast-minute stays [of execution] should be the extreme exception, not the norm." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019). That principle is particularly strong where, as here, the petitioner's claim could have been brought earlier. *Id.* Montgomery and her defense team were given notice of today's execution date many weeks ago and yet waited until after the close of business on Friday to file a § 2241 petition and a stay motion—fewer than four days before the scheduled execution. The delay appears strategic, but at the very least, it "implicate[s] the 'strong equitable presumption' that no stay should be granted 'where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.'" *Id.* n.5 (quoting *Hill v. McDonough*, 547 U.S. 573, 584 (2006)). Nothing in Montgomery's stay request or § 2241 petition overcomes this "strong presumption."

In addition, the proponent of a stay must make a "strong showing" of a likelihood of success on the merits of the underlying claim. *Nken v. Holder*, 556 U.S. 418, 434 (2009). Montgomery has not done so. As noted, the expert declarations she tendered with her § 2241 petition rest on extremely outdated evaluations, two conducted more than four years ago and another as long as ten years ago. These stale observations cannot support a claim about her current mental state. The submission does not satisfy *Nken*.

Because Montgomery has not overcome the strong presumption against last-minute stays, *Bucklew*, 139 S. Ct. at 1134, and has not made a strong showing of a likelihood of success on her proposed *Ford* claim, *Nken*, 556 U.S. at 434, we vacate the district court's stay of execution.

MOTION GRANTED; STAY VACATED